**STATE OF TENNESSEE – COUNTY OF BEDFORD**
**17TH JUDICIAL DISTRICT**

| | |
|---|---|
| DAVID EARL ROACH, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | CASE NO. 12379 |
| ) | |
| SANFORD, L.P. and ) | |
| NEWELL RUBBERMAID INC., ) | |
| ) | |
| DEFENDANTS. ) | |

To the above named Defendant: **Sanford, LP** (Serve through Registered Agent: Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203); **Newell Rubbermaid, Inc.** (Serve through Registered Agent: Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808).

    You are summoned to appear and defend a civil action filed against you in Circuit Court, Bedford County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

    In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 11/21, 2011.

_____
Circuit Court Clerk, Bedford County, TN

By: _____
Deputy Clerk

ATTORNEY FOR PLAINTIFF: H. Thomas Parsons, 101 W. Main Street, Manchester, TN 37355

---

**NOTICE**

**TO THE DEFENDANT(S):**
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a witten list, under oath, of the items you wish to claim as exempt with the clerk of the court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prioer to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. [T.C.A. 26-2-114].

**TO THE SHERIFF:** Please execute this summons and make your return thereon as provided by law.

_____
**Circuit Court Clerk**

Received this summons for service this ____ day of _____, 2011.

_____
**Officer**

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the ____ day of _____, 2011, I served this summons together with the complain herein as follows: _____

_____

_____

_____
OFFICER

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the ____ day of _____, ____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No. _____ to the defendant,

_____.

On the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, ____. Said return receipt is attached to this original summons and both documents are being send herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON
THIS ____ DAY OF _____, ____

_____NOTARY PUBLIC or _____DEPUTY CLERK

MY COMMISSION EXPIRES: _____

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

# IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL DISCTRICT OF TENNESSEE AT SHELBYVILLE

| | |
|---|---|
| DAVID EARL ROACH, | ) |
| PLAINTIFF, | ) |
| V. | ) CASE NO. 12379 |
| SANFORD, L.P. and | ) Filed this 21 day of Nov -11 |
| NEWELL RUBBERMAID INC., | ) THOMAS A. SMITH, CLERK |
| DEFENDANTS. | ) CIRCUT & GENERAL SESSIONS BEDFORD COUNTY, TENNESSEE |
| | BY _____ DEPUTY CLERK |

## COMPLAINT

Comes now the plaintiff, DAVID EARL ROACH (hereinafter "Mr. Roach"), and brings this cause of action against the defendants, SANFORD, L.P. (hereinafter "Sanford") and Newell Rubbermaid Inc., and would show as follows:

## PARTIES

1. Mr. Roach is a citizen and resident of Bedford County, Tennessee having an address of 114 Maplewood Drive, Shelbyville, Tennessee.

2. Sanford is an active, for-profit, limited partnership formed in Illinois, operating under the laws of Tennessee, and having a principal address of 2711 Washington Blvd, Bellwood, IL 60104. Sanford's registered agent for service of process is Corporation Service Company having an address of 2908 Poston Ave., Nashville, Tennessee, 37203. Sanford operates a production facility in Tennessee at 1658 Railroad Avenue, Shelbyville, Tennessee, 37160. Sanford is a subsidiary of Newell Rubbermaid Inc. In the alternative, Sanford is a division of Newell Rubbermaid Inc.

3. Newell Rubbermaid Inc. is an active, for-profit, corporation, incorporated in Delaware and having a principal place of business of Three Glenlake Parkway, Atlanta, GA, 30328. Newell Rubbermaid Inc.'s registered agent for service of process is Corporation Service Company having an address of 2711 Centerville Road Suite 400, Wilmington, DE, 19808. Newell Rubbermaid Inc. is liable for damages caused by Sanford because of the business relationship between Newell Rubbermaid Inc. and Sanford.

## JURISDICTION AND VENUE

4. The acts complained of herein occurred in Bedford County, Tennessee; therefore, this Honorable Court has jurisdiction over his matter pursuant to Tenn. Code Ann. § 16-10-101, and venue is proper in Bedford County, Tennessee pursuant to Tenn. Code Ann. § 20-4-101.

## STATEMENT OF FACTS

5. Mr. Roach began working for Sanford at its Shelbyville, Tennessee production facility as a temporary employee in or about October of 2009 and became a regular, non-temporary, full-time employee on or about October 19, 2010.

6. Sanford makes writing instruments such as Sharpie marker pens at its Shelbyville, Tennessee production facility.

7. Mr. Roach worked in distribution and shipping during his time of employment with Sanford.

8. Mr. Roach's employment with Sanford was terminated on October 13, 2011.

9. During Mr. Roach's employment with Sanford, an employment-at-will relationship existed between Mr. Roach and Sanford.

10. On or about February 16, 2011, while working for Sanford, Mr. Roach felt a sharp pain in his stomach after lifting a large heavy box as required by his job duties. Mr. Roach reported the injury to a supervisor and filled out an incident report.

11. The morning after the injury, Mr. Roach noticed a large bulge protruding from his stomach.

12. Initially, Mr. Roach was treated for about two (2) months by the nurse practitioner employed by Sanford for what ultimately was diagnosed as a hernia.

13. Near the end of April of 2011, the pain Mr. Roach was experiencing from the work-related injury became intolerable requiring Mr. Roach to leave work early. The pain continued to be extreme and Mr. Roach could not return to work.

14. Mr. Roach kept his employer informed about his condition and made contact with the company's nurse practitioner daily.

15. Sanford's nurse practitioner referred and arranged for Mr. Roach to see a specialist, Dr. Ronald Angles, about his medical condition.

16. Dr. Angles diagnosed Mr. Roach with a hernia.

17. Mr. Roach immediately made an appointment with Dr. Monahan, a surgeon, and informed his employer of his condition.

18. Mr. Roach was seen by Dr. Monahan on or about May 2, 2011. Dr. Monahan scheduled Mr. Roach's surgery for May 10, 2011 and allowed Mr. Roach to return to work with restrictions.

19. On or about May 3, 2011, Mr. Roach returned to work under the restrictions placed on him by Dr. Monahan until the night before his surgery.

3

20. Dr. Monahan performed a hernia surgery on Mr. Roach on or about May 10, 2011.

21. Mr. Roach missed approximately eight (8) days of work prior to the hernia surgery and approximately seven (7) days while he was recovering from the surgery.

22. During the time that Mr. Roach missed work prior to the hernia surgery, he kept Sanford informed about his condition and stayed in contact with Sanford's nurse practitioner.

23. Because of his injury, Mr. Roach made a claim and received benefits under Sanford's worker's compensation plan.

24. Following his recovery from hernia surgery, Mr. Roach returned to work full-time at Sanford.

25. On or about September 6, 2011, Mr. Roach suffered from a non-work-related kidney problem that required him to spend two (2) nights in the hospital.

26. Upon being released from the hospital, Mr. Roach reported back to work on time for his normal shift; however, Sanford's nurse practitioner would not clear him to return to work until the following night's shift.

27. About a week after his hospitalization for the for the kidney problem, members of Sanford's management began to frequently question Mr. Roach about the days that he missed related to the hernia he suffered in February of 2011, telling him that he must provide doctor's notes for the time he missed related to the hernia. Mr. Roach informed them that he had been under the treatment of their nurse practitioner for his work-related hernia injury and provided doctor's notes for the days that he was under the care of doctors.

28. On October 11, 2011, Mr. Roach was suspended by Sanford.

4

29. Mr. Roach was told by a Sanford human resources employee that he was being suspended because he could not provide documentation about the days he missed related to his work-related hernia injury.

30. On October 13, 2011, Mr. Roach's employment with Sanford was terminated by telephone while he was on his way into work.

31. The reason given by Sanford for terminating Mr. Roach was that Mr. Roach did not provide documentation about the days he missed related to his work-related hernia injury.

## CAUSE OF ACTION

32. Plaintiff restates and incorporates the allegations contained in the previous paragraphs.

33. Sanford's stated reason for terminating Mr. Roach was pretextual.

34. By making a claim for worker's compensation benefits, Mr. Roach was exercising a statutory right under Tennessee law.

35. Mr. Roach was terminated from his employment for making a claim for workers' compensation benefits.

36. The claim for worker's compensation benefits, an exercise of a statutory right, was a substantial factor in Sanford's decision to discharge Mr. Roach.

37. Sanford's termination of Mr. Roach for exercising a protected right is a clear violation of public policy and amounts to retaliatory discharge under Tennessee common law.

38. As a direct and proximate cause of Sanford's conduct, Mr. Roach has suffered losses, including but not limited to, lost wages and benefits, shame, humiliation and embarrassment, and lost earning capacity.

39. Upon information and belief, the actions of Sanford are in violation of the law and were performed intentionally, with malice and/or in reckless disregard and indifference to Mr. Roach's protected rights, and, furthermore, Sanford knew or should have known that its conduct was prohibited by law. Mr. Roach is therefore entitled to and seeks punitive damages.

Wherefore, Plaintiff David Earl Roach respectfully requests:

1. That Defendant be served with process requiring them to answer this Complaint.

2. Compensatory damages, consequential, and incidental damages, including but not limited to emotional damages, damages for humiliation and embarrassment, lost wages, lost benefits, and damages for future lost pay and lost benefits that Plaintiff would have accrued if his employment had not been terminated in the amount of $500,000.00 or such other amount as may be determined by this Honorable Court.

3. Punitive damages of $1,500,000.00 or such other amount as may be determined by this Honorable Court.

4. That costs and attorneys' fees be paid by the defendant.

5. Such further and general relief as this Honorable Court may deem just and proper.

Respectfully submitted,

PARSONS & NICHOLS

By: _____
H. Thomas Parsons, BPR# 2571
Parsons & Nichols
*Attorney for Plaintiff*
101 W. Main St.
Manchester, TN 37355
931-728-1316

We are surety for costs up to $500.00

_____
H. Thomas Parsons

6



Circuit Court Summons | Shelbyville, Tennessee

## STATE OF TENNESSEE – COUNTY OF BEDFORD
## 17TH JUDICIAL DISTRICT

DAVID EARL ROACH, )
)
    PLAINTIFF, )
)
V. ) CASE NO. 12379
)
SANFORD, L.P. and )
NEWELL RUBBERMAID INC., )
)
    DEFENDANTS. )

To the above named Defendant: **Sanford, LP** (Serve through Registered Agent: Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203); **Newell Rubbermaid, Inc.** (Serve through Registered Agent: Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808).

You are summoned to appear and defend a civil action filed against you in Circuit Court, Bedford County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 11/21, 2011.

                         _Thomas A. Smith_
                         Circuit Court Clerk, Bedford County, TN

                         By: _____
                         Deputy Clerk

ATTORNEY FOR PLAINTIFF: H. Thomas Parsons, 101 W. Main Street, Manchester, TN 37355

---

**NOTICE**

**TO THE DEFENDANT(S):**
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a witten list, under oath, of the items you wish to claim as exempt with the clerk of the court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prioer to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. [T.C.A. 26-2-114].

**TO THE SHERIFF:** Please execute this summons and make your return thereon as provided by law.

                         **Circuit Court Clerk**

Received this summons for service this ___ day of _____, 2011.

                         **Officer**

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the ____ day of _____, 2011, I served this

summons together with the complain herein as follows: _____

_____

_____

_____
OFFICER

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the 23rd day of November, 2011, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No. 12379 to the defendant, Newell Rubbermaid, Inc.

On the return receipt for said registered or certified mail, which had been signed by ?  on the 28th day of November, ____. Said return receipt is attached to this original summons and both documents are being send herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON
THIS 1st DAY OF December, 2011

_____        _____
NOTARY PUBLIC or ____ DEPUTY CLERK        PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER
                                                                              PERSON AUTHORIZED BY STATUTE TO
MY COMMISSION EXPIRES: 1-17-2012                                                 SERVE PROCESS

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Co
2908 Poston
Nashville, TN 37203

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label): 7011 0470 0003 4809 5683

PS Form 3811, February 2004      Domestic Return Receipt      Roach      102595-02-M-1540

---

STATE OF TENNESSEE – COUNTY OF BEDFORD
17TH JUDICIAL DISTRICT

| | |
|---|---|
| DAVID EARL ROACH, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) CASE NO. 12379 |
| | ) |
| SANFORD, L.P. and | ) |
| NEWELL RUBBERMAID INC., | ) |
| | ) |
| DEFENDANTS. | ) |

To the above named Defendant: **Sanford, LP** (Serve through Registered Agent: Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203); **Newell Rubbermaid, Inc.** (Serve through Registered Agent: Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808).

You are summoned to appear and defend a civil action filed against you in Circuit Court, Bedford County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 11/21, 2011.

_Thomas A Smith_
Circuit Court Clerk, Bedford County, TN

By: _Jane Carr_
Deputy Clerk

ATTORNEY FOR PLAINTIFF: H. Thomas Parsons, 101 W. Main Street, Manchester, TN 37355

---

**NOTICE**

**TO THE DEFENDANT(S):**
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a witten list, under oath, of the items you wish to claim as exempt with the clerk of the court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prioer to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. [T.C.A. 26-2-114].

**TO THE SHERIFF:** Please execute this summons and make your return thereon as provided by law.

**Circuit Court Clerk**

Received this summons for service this ___ day of _____, 2011.

**Officer**

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the ___ day of _____, 2011, I served this summons together with the complain herein as follows: _____

_____

_____

_____

_____
OFFICER

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _23rd_ day of _November, 2011_, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No. _12379_ to the defendant, _Sanford LP_.

On the return receipt for said registered or certified mail, which had been signed by ___Cordie___ on the _?_ day of _?_, ____. Said return receipt is attached to this original summons and both documents are being send herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS _1st_ DAY OF _December_, _2011_

_[signature]_ NOTARY PUBLIC / DEPUTY CLERK

MY COMMISSION EXPIRES: _1-17-2012_

_[signature]_ PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

---

SENDER: COMPLETE THIS SECTION
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporate Service Co.
2711 Centerville Rd, Ste 400
Wilmington, DE 19808

COMPLETE THIS SECTION ON DELIVERY
A. Signature
X _[signature]_  ☐ Agent ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
7011 0470 0003 4809 5690

PS Form 3811, February 2004   Domestic Return Receipt   REACH   102595-02-M-1540